PETER F. RANDOLPH, RESPONDENT, *v.* CHARLES B. PECK, IMPLEADED, ETC., APPELLANT.

*Note — after dissolution of partnership — consideration.*

After the dissolution of a partnership, a note made in the firm name, with the assent of the partners, for a debt due by the firm, is a *valid* obligation.

The debt due by the firm, particularly when an extension of the time of its payment is secured by giving the note, is a sufficient consideration therefor.

APPEAL from a judgment entered on the report of a referee. The facts in this case are stated in the opinion.

*William H. Arnoux,* for the appellant.

*Charles W. Dayton,* for the respondent.

DANIELS, J.:

The complaint set forth the making of a promissory note by the defendants, in all respects the same as the one received in evidence, except that the words "in liquidation," following the signature of the firm name to it, were omitted. This omission was an immaterial variance, and the objection founded upon it properly overruled by the referee. Evidence was given on behalf of the plaintiff, showing that the note was given for the balance of a debt due to the National Butchers' and Drovers' Bank, from the firm of Peck, Randolph & Co., of which the defendants had been members. Before the note was made, the firm was dissolved, leaving the debt unpaid. And the evidence tended to show that the firm name was subscribed to the note by one of the other defendants, by the express direction of the defendant, Peck, who alone appeals, and with the concurrence or assent of the third defendant. This was denied by the defendant, Peck, and other evidence was given to sustain his denial. But the evidence on this point was not so decided either way as to prevent the referee's conclusion upon it from being final. It presented a fairly controverted question of fact upon evidence nearly equally balanced, and the

court, therefore, on appeal, cannot set aside the conclusion deemed by the referee to be sustained by it.

Evidence was also given, by the defendant, Peck, for the purpose of showing that the plaintiff, to whom the note was transferred from the bank, and his two sons, who were members of the firm of Peck, Randolph & Co., assumed the payment of debts of that firm. This was derived from the defendant, Peck, and the witness Keller. The former was contradicted, to some extent, upon this subject, by an affidavit which he had previously made, and both he and his witness by the evidence given by the plaintiff as a witness at the close of the case. This evidence rendered this point also a simple matter of fact for the referee to decide, and, having decided it in the plaintiff's favor, the decision cannot be disturbed. There is no such preponderance of evidence against the view he adopted as would justify this court in holding it to be erroneous.

The existing liability of the firm of Peck, Randolph & Co. for the debt, formed a valid consideration for the note, particularly as an extension of the time of payment was secured by means of it. The answer, served on behalf of the defendant, Peck, simply put the note in issue. It was entirely irrelevant to this issue to show the financial condition of the firm of Peck, Randolph & Co , or that the new firm of Randolph Brothers, of whom the plaintiff and his sons, the other defendants, were members, had used any of the funds of the firm of Peck, Randolph & Co., or that the plaintiff was Randolph Brothers' assignee. The evidence was sufficient to sustain the referee's conclusion as to the two substantial facts in controversy. They were, whether the note had, in fact, been authorized by the defendant Peck, and whether the plaintiff had become a party to an agreement with him for the payment of Peck, Randolph & Co.'s debts. As to these, the referee decided in favor of the plaintiff, and that entitled him to the judgment recovered by him, as the note was given for a balance owing to the firm, and had been transferred to the plaintiff.

The judgment should be affirmed, with costs.

DAVIS, P. J., concurred.

Judgment affirmed with costs.